# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

FILED
CLERK

11:08 am, May 24, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Nº 12-CR-063 (JFB)
Nº 15-CR-087 (JFB)

UNITED STATES OF AMERICA,

versus

EDWIN ACOSTA-MARTINEZ,

Defendant.

**MEMORANDUM AND ORDER**
May 24, 2023

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On June 5, 2014, Edwin Acosta-Martinez pleaded guilty to Counts 50 and 67 of the Fourth Superseding Indictment, Docket No. 12-063, charging him with Hobbs Act Robbery Conspiracy and Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(iii), respectively. On April 22, 2016, Acosta-Martinez pleaded guilty to Count 18 of the Second Superseding Indictment, Docket No. 15-087, charging him with Causing a Death Through the Use of a Firearm, in violation of 18 U.S.C. § 924(j)(1), in connection with the November 2, 2011 murder of Brandon Sotomayor in Baywood, New York. The two cases were joined for purposes of sentencing, and, on June 8, 2018, the Court sentenced Acosta-Martinez to a total of 396 months' imprisonment, to be followed by five years of supervised release.

On March 28, 2022, the Court received Acosta-Martinez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Acosta-Martinez seeks release (or, in the alternative, a reduction in sentence) on the grounds that: (i) he is medically vulnerable to COVID-19 because of his history of smoking, substance abuse, a prior COVID-19 infection, and lack of vaccination; (ii) he is the only person in his family who can provide care for his ailing father, who lives in Honduras; (iii) an unwarranted sentencing disparity resulted from the imposition of a 120-month sentence for violating 18 U.S.C. § 924(c); and (iv) his post-conviction rehabilitation record.

For the reasons set forth below, Acosta-Martinez's motion for compassionate release is denied.[1]

I. **Applicable Law**

As a threshold matter, to file a motion for compassionate release, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). With respect to the exhaustion requirement, the Second Circuit has clarified that it "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, [Section] 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). For a *pro se* movant, as here, this motion should "be construed liberally and interpreted to raise the strongest arguments [it] *suggest[s]*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted), yet the defendant nonetheless bears the burden of first establishing that he is eligible for compassionate release and then demonstrating that he has exhausted administrative remedies in pursuing the sentence reduction, *see United States v. Harrison*, No. 14-cr-167, 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021).

Under Section 3582(c)(1)(A), district courts have the discretion to grant compassionate release where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *id.* at 236 (holding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling").

Courts must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons exist, a court may deny a compassionate release motion "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would

---

[1] The Court also denies Acosta-Martinez's additional request for the appointment of counsel. In this Circuit, "a defendant filing a compassionate release motion . . . has no constitutional or statutory right to the assistance of counsel." *United States v. Fleming*, 5 F.4th 189, 192 (2d Cir. 2021). However, a court may appoint counsel in its discretion, "which should be exercised bearing in mind, among other things, the 'merits of the indigent's claim,' 'the nature of the factual issues the claim presents,' as well as the party's 'apparent ability to present the case.'" *United States v. Collado*, No. 14-cr-731, 2021 WL 3023685, at *1 (S.D.N.Y. July 16, 2021) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)). Because the Court finds that the issues presented in Acosta-Martinez's motion are not legally complex and that his arguments lack merit, the motion to appoint counsel is denied. *See, e.g., United States v. Piña*, No. 1-cr-619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021); *United States v. Santiago-Figueroa*, No. 18-cr-618, 2021 WL 37692, at *1 n.1 (S.D.N.Y. Jan. 4, 2021); *United States v. Warren*, No. 4-cr-354, 2021 WL 4059437, at *4 n.5 (E.D.N.Y. Sept. 7, 2021).

otherwise be extraordinary and compelling circumstances." *United States v. Davies*, No. 17-cr-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (internal quotation marks and citation omitted).

## II. Discussion

Acosta-Martinez asserts that he is eligible for compassionate release under Section 3582(c)(1)(A) on several grounds.[2] As a threshold matter, it is undisputed that Acosta-Martinez satisfied the exhaustion requirement.

Acosta-Martinez first argues that, although he has recovered from a previous COVID-19 infection, his history of smoking and substance abuse presents health risks that constitute an extraordinary and compelling circumstance. Relatedly, Acosta-Martinez argues that he faces a continued risk of COVID-19 infection because staff members at the Federal Correctional Institution Butner ("FCI Butner"), where he is housed, have declined to receive the available vaccine, and have refused to wear CDC-recommended face coverings. Acosta-Martinez also seeks release based on the poor health of his father. Acosta-Martinez contends that his father, who resides in Honduras, is severely ill with liver cancer and that Acosta-Martinez is the only relative who is able to administer care for him. In addition, Acosta-Martinez seeks release based upon the purported existence of an unwarranted sentencing disparity in connection with his Hobbs Act Robbery Conspiracy conviction under 18 U.S.C. § 1951(a). Lastly, Acosta-Martinez seeks a reduction based upon post-conviction rehabilitation, including his employment record in prison and his disassociation from MS-13.

The Court need not address these arguments because, even assuming *arguendo* that one or more of these grounds demonstrated extraordinary and compelling circumstances for release, the Court denies the motion in its discretion because the Section 3553(a) factors weigh overwhelmingly against release.[3] *See United States v. Keitt*, 21 F.4th 67, 73 n.4 (2d Cir. 2021) (holding that "a district court may rely solely on the [Section] 3553(a) factors when denying a defendant's motion for compassionate release"); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[A] district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of

---

[2] On January 8, 2022, Acosta-Martinez filed a request to be considered for a reduction in sentence under debilitated medical condition criteria and concerns related to COVID-19, which the Federal Bureau of Prisons denied on January 14, 2022. Acosta-Martinez subsequently filed a Request for Administrative Remedy in which he appealed the denial, and the Warden denied that request on March 14, 2022.

[3] Acosta-Martinez argues that a sentencing disparity has been created based upon his firearm conviction in connection with the Hobbs Act Robbery Conspiracy because a robbery conspiracy is no longer a crime a violence that satisfies the elements clause of 18 U.S.C. § 924(c)(3)(A). *See United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021). However, Acosta-Martinez pleaded guilty to brandishing a firearm in relation to not only the Hobbs Act Robbery Conspiracy but also the substantive Hobbs Act robbery (charged in Count 67 of the Fourth Superseding Indictment, Dkt. No. 12-063), which related to the discharge of a firearm during a robbery. Thus, neither *Davis* nor *McCoy* directly applies here and, in any event, release is unwarranted under the Section 3553(a) factors for the reasons discussed *infra*.

compassionate release." (internal quotation marks and citation omitted)).

Acosta-Martinez pleaded guilty to participation in a murder in connection with the violent activities of the MS-13 street gang, including several armed robberies. Thus, at sentencing, the Court concluded that the 396 months' imprisonment was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and provide just punishment for the violent activities, as well as to protect the public from further crimes. The Court's view as to the importance of these factors, as well as the other reasons for the original sentence, has not changed. Moreover, Acosta-Martinez has only served approximately one third of his sentence. Given that Acosta-Martinez has over 20 years' imprisonment remaining to be served, his release at this juncture would not adequately reflect the seriousness of his extremely violent criminal conduct or the harm caused by that conduct, and would not sufficiently protect society or afford adequate deterrence to Acosta-Martinez and others who engage in this type of criminal conduct.

Although the Court recognizes that Acosta-Martinez's statement regarding his disassociation with the MS-13 gang, as well as his personal growth while incarcerated, are important, *see* Dkt. No. 816 at 15–16 (explaining that Acosta-Martinez "has consistently maintained employment," received "excellent work evaluations," "completed numerous programs to rehabilitate himself," "formally dropped out of the MS-13 street gang," and "is housed at a[n] 'anti-gang' yard."), those factors do not alter the Court's determination, in light of the combination of other Section 3553(a) factors (discussed above), that still overwhelmingly warrant denial of his motion.[4]

In sum, even assuming Acosta-Martinez has demonstrated "extraordinary and compelling reasons" for his release, these circumstances do not outweigh the Section 3553(a) factors that that warrant a denial of his motion. 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, for the reasons stated above, the Court, in its discretion, denies Acosta-Martinez's motion for compassionate release. The Clerk of the Court shall mail a copy of this order to Acosta-Martinez.

SO ORDERED.

s/Joseph F. Bianco

Joseph F. Bianco
United States Circuit Judge
(Sitting by Designation)

Dated: May 24, 2023

---

[4] The Court notes that the government points to Acosta-Martinez's disciplinary record as a basis to deny the motion. However, the Court need not consider that record because the Court concludes that release is unwarranted under the Section 3553(a) factors even in the absence of a disciplinary record.